[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 16, 1996 Date of Application July 16, 1996 Date Application Filed July 19, 1996 Date of Decision November 26, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury. CT Page 9005
Docket No. MV95-317167-S
Joseph Dimyan Esq., Defense Counsel, for Petitioner.
Kevin M. Black. Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner entered pleas of Nolo Contendere to 1 Count of Manslaughter 2nd degree with a motor vehicle (§ 53a-56b); Assault, 2nd degree with a motor vehicle (§ 53a-60d) and Operating under the influence (§ 14-227a). While the maximum penalties for these offenses exposed the petitioner to a potential penalty of 15 1/2 years, he received a total effective sentence of 10 years, execution suspended after 7 years, with a 5 year probationary period. That was the sentence imposed on the Manslaughter Count, and concurrent sentences of 5 years on the Assault charge and 6 months on the operating under the influence were imposed. At a judicial pretrial the Court indicted the sentence would likely be in the range of 10 years, execution suspended after 6 or 7 years with the petitioner having the right to argue for less.
The petitioner, who had a 1994 New York state conviction for operating under the influence, was operating a truck on August 4, 1995 at 10:20 p.m. Witnesses observed him swerving all over the road. He ran a stop sign and hit the victims' vehicle broadside. The victims were a 60 year old man and his 58 year old wife. The husband died shortly after the accident. His wife sustained a fractured rib, a fractured chromium and a crushed cheekbone requiring surgery.
The presentence report graphically depicts the devastation to the victims family resulting from the petitioner's criminal acts.
At the sentence review hearing, defense counsel posited that CT Page 9006 the petitioner's sentence was more in line with a sentence likely to have been imposed after trial. He argues that the sentencing court was probably influenced by publicity given to the case and that it was a disproportionate sentence.
The State's Attorney argues it was not a unfair sentence under all the circumstances. He points to the petitioner's attitude that he has never viewed his drinking as problematic, despite his record and that his denial led to the death of an innocent person and substantial physical injury to another.
In its comments the sentencing court specifically commented on the primary purposes for determining a sentence as being rehabilitation, deterrence and punishment. It weighed these things along with the petitioner's personal history and the serious nature of his crimes.
The sentence imposed was far from inappropriate. It was well within the parameters of reasonable discretion given to a sentencing judge and the Review Division finds it to be eminently fair to the petitioner.
Reviewing this sentence pursuant to § 942 of the Practice Book, the sentence is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision